Dear Mr. Canova:
This office is in receipt of your opinion request, which has been assigned to me for research and reply. We restate the facts related in your correspondence.
The City of Plaquemine was incorporated by special act of the Louisiana Legislature as Act 109 of 1878. Amendments to the charter have been duly adopted subsequent to its passage. The Mayor and Selectmen are subject to the provisions of this special legislative charter, and responses to your questions are governed by the terms of that charter.
Your inquiry concerns whether the Mayor or the Selectmen possess authority to appoint or terminate certain city officers and employees. We find four pertinent sections of the special charter, which state:
 "SECTION 6 The Mayor and Selectmen of said Town shall hold their offices for four years, as herein provided, or until their successors are duly qualified, and shall take and subscribe an oath to faithfully and impartially perform the duties incumbent on them, which said oaths, shall be kept in a bound book in the archives of said board. The Mayor [shall] approve all the laws, ordinances, resolutions, rules or regulations passed by the board, but shall not be entitled to vote upon any question before the Board, except in case of a tie, when he shall give the casting vote. He shall be committing magistrate, with full power to examine and commit in all cases arising under the ordinances of said Town, within its limits, in the same manner and to the same extent as Justices of the Peace now or may hereafter do, and is hereby fully authorized and empowered to examine, try and sentence any and all persons for any and all violations of the laws, ordinances, rules and regulations of said Town of Plaquemine. . . .
 SECTION 7 Be it further enacted, etc., that the Mayor and Selectmen elect, shall within ten days after being commissioned, assemble, qualify and proceed to the election of suitable persons for the positions of Town Marshal, Collector, Clerk and Treasurer, and whenever necessary, an Assistant Town Marshal. The offices of Marshall and Collector and Clerk and Treasurer may be combined in one. The officers elected as hereinabove provided shall hold their offices one year, and shall take and subscribe and oath for the faithful performance of their duty, and give security in such sum as may be required by the Board, and be at all times subject to the directions of the Mayor and regulations of the Board of Selectmen established for the Government of the same in the performance of their respective duties assigned to them.
 SECTION 13 Be it further enacted, etc., that the Mayor and Board of Selectmen of said Town of Plaquemine, shall have full and ample power and authority to make and pass all such laws, ordinances, and regulations as may be necessary and proper.
* * *
 Seventh To fix the amount of the bond to be given by the town officers from whom bonds are or may be required; to fix the salaries or compensation of all officers elected or of persons employed by them; to define the duties and to fix the term of office of such officers as they may elect, and to remove for cause any one of the officers or person appointed by the said Mayor and Board. . . .
 SECTION 18 Be it further enacted, etc., that the Mayor [and] three Selectmen shall form a quorum to transact business (or four Selectmen in the absence of the Mayor); but to levy a tax, toll or impost, or to fix the amount of or to pass any appropriation shall be by a vote of a majority of the Selectmen, with the approval of the Mayor, and such vote shall be duly recorded. The Mayor shall have the right of vetoing any law, ordinance or resolution of the Board, but when he exercises such right he shall return the law or ordinance vetoed to the Board within three days after its passage, with his reasons, in writing for such veto, when, if four members of the Board vote to give the same effect, it shall become a law notwithstanding such veto." (Emphasis added).
It appears from a reading of these sections that the Board of Selectmen has the authority to appoint or hire all city officers and employees. We note the Mayor is not allowed to vote in any question before the Board, except in the case of a tie. Charter, Section 6.
There is no language within the provisions of the charter that distinguishes the selection process between officers (such as city clerk, city attorney, fire chief, superintendent of utilities, financial manager and assistant financial manager) and city employees. Although you opine that the Mayor alone may hire and fire city employees, we find no specific authority in support of this conclusion. The Mayor is not granted this authority in Section 6 of the charter, defining certain duties and powers delegated the office of Mayor. In fact, the entire verbiage of the charter reflects an intent to vest this authority within the Board of Selectmen, as quoted in the emphasized sections above.
No doubt the Mayor has authority to veto a resolution appointing an officer or hiring an employee, but the actual power to hire and fire officers and city employees appears to be vested within the Board. Further, as you already note in your correspondence, the Lawrason Act statutes are not persuasive in our consideration of the powers delegated a municipal mayor. The Lawrason Act statutes do not apply to municipalities operating under a special legislative charter and the Act's provisions do not apply where the special charter is silent on a particular matter. LSA-R.S. 33:321; Attorney General Opinion Number 92-703, attached.
You object to the establishment of the Personnel Board for the City of Plaquemine, consisting of the Mayor and Board of Selectmen. This board was established in the 1960's. The ordinance establishing the board states, in part:
 "The personnel board shall hire all employees of the city in all departments or commissions which come under the jurisdiction of the city. . . ."
The ordinance establishing the board is not objectionable on the ground that it curtails the Mayor's veto power. Rather, the ordinance is not in conflict with the charter, but in fact reiterates language already adopted within the charter concerning the hiring and firing of city employees.
We also note the Mayor in office at the time of the passage of this ordinance had the power then to veto this ordinance, which the Mayor presumably did not elect to do, or such veto was overridden by vote of the Selectmen. This ordinance has been final and evidently unchallenged for a long period of time.
We do agree, however, that the Personnel Board is subject to the provisions of the Public Records Act, LSA-R.S. 44:4.1, et. seq. Actions taken by the Personnel Board must be in conformity with the provisions of those statutes. Any such language within the ordinance limiting the application of these statutes to this particular board abrogates state law, and is therefore null and void.
In order to clarify any ambiguity in the powers delegated the Mayor and Board of Selectmen, we suggest an amendment to the charter is appropriate. Should you have further inquiries in which we may be of assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0192E